# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILMA LYNN BUIE BROOKS,         )
                                )
                Plaintiff,      )
                                )
        v.                      )       1:13CV929
                                )
INDIAN TRUST SETTLEMENT and     )
THE UNITED STATES DISTRICT COURT )
FOR THE SOUTHERN DISTRICT OF OHIO, )
                                )
                Defendants.     )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint,
(continued...)

clearly appear on the face of the complaint. <u>Nasim</u>, 64 F.3d at 955.

## DISCUSSION

Plaintiff's Complaint names the Indian Trust Settlement and the United States District Court for the District of Southern Ohio as Defendants. (Docket Entry 2 at 1.) The Complaint arises from Plaintiff's efforts to recover from a recent settlement in a class action brought by Native Americans against the Secretary of the Interior (<u>id.</u> at 2), which alleged that the Secretary breached fiduciary duties in managing the Individual Indian Money ("IIM") trust account on behalf of class members, <u>see</u> <u>Cobell v. Salazar</u>, 679 F.3d 909, 912 (D.C. Cir. 2012). The Complaint alleges that Plaintiff filed claims with the Claims Administrator, who then improperly sought further documentation of Plaintiff's eligibility to recover from the Settlement. (<u>See</u> Docket Entry 2 at 5-6).

---

[1](...continued)
however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> in dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Office of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 556 U.S. at 679, respectively)).

Plaintiff's Complaint seeks transfer of her claim to the Middle District of North Carolina so that she may demonstrate her eligibility to participate in the Cobell Settlement. (See id.) In support of her claim, the Complaint offers the following factual allegations:

1) "Plaintiff[] hereby has declared her race as American Indian (indigenous to the state of North Carolina) by birth record, by physical recognition, by North Carolina state issued documents, and by historical context" (id. at 5);

2) "Plaintiff is an eligible candidate for settlement proceeds" (id. at 5-6);

3) "Plaintiff[] me[t] the deadline to place a claim and was issued two claim numbers (366310 and 355-739)" (id. at 5);

4) "Defendant requested further *proof* of eligibility from Plaintiff although documents were submitted offering proof of eligibility" (id.);

5) "Southern District of Ohio: U.S. District Court offered no written decision as to why the documents did not meet the burden of proof" (id.); and

6) "it is an *undue hardship*[] for Plaintiff to travel to the state of Ohio to defend the claim and stop further trust filings without Plaintiff's knowledge" (id. at 6).

Based on the foregoing allegations, Plaintiff's Complaint "requests that the Middle District of North Carolina court review

-4-

all such relevant documents proving eligible property status, and extend time frame for a further investigation regarding a North Carolina state issued IIM number, or IIM number issued by any other organization, or by legal filings, or any person or organization who may have gained possession of such information." (Id. at 5.)[2]

As an initial matter, a federal district court and a class action settlement fund do not represent proper Defendants to an action in federal court. See, e.g., Noziska v. United States Dist. Court, No. CV13-69-M-DWM-JCL, 2013 WL 2338229, at *3 (D. Mont. May 28, 2013) (unpublished) ("[Plaintiff] has failed to name a proper

---

[2] To the extent that Plaintiff's Complaint asserts additional claims, such claims also fail as a matter of law. Specifically, the Complaint alleges 1) that "Plaintiff is seeking validation for the purpose of entitlements under Public Law 93-638 *Indian Self-Determination Act*" (Docket Entry 2 at 6), 2) that "despite extensive education and training, Plaintiff and descendants have been a victim of retaliation for claiming heritage and blood-line with respect to employment, contracting, and education" (id.), and 3) that "Plaintiff requests [the] [C]ourt to order the release of the Supreme Court Coble [sic] Settlement decision in its entirety under the *Freedom of Information Act*" (id. at 5). With respect to the Indian Self-Determination Act, that law "authorizes the Government and Indian tribes to enter into contracts in which the tribes promise to supply federally funded services, for example tribal health services, that a Government agency would otherwise provide," Cherokee Nation of Okla. v. Leavitt, 543 U.S. 631, 634 (2005); see also 25 U.S.C. § 450f(a), but it does not authorize payments to individuals, see generally 25 U.S.C. §§ 450 et seq. Further, to the extent that Plaintiff asserts a claim for discrimination "with respect to employment, contracting, and education" (Docket Entry 2 at 6), her Complaint contains no factual allegations to support any inference of discrimination in those contexts (see id. at 1-6). Finally, with respect to Plaintiff's request under the Freedom of Information Act, the Claims Administrator has made all documents relating to the Cobell case publicly available on the Indian Trust Settlement website, see www.indiantrust.com/documents (last visited Nov. 15, 2013).

defendant. The only named defendant is the United States District Court."); cf. Skillman v. General Steel Settlement Fund, No. Civ. 10-11472-MLW, 2010 WL 4340624, at *1-2 (D. Mass. Nov. 2, 2010) (unpublished) (dismissing for lack of subject-matter jurisdiction complaint alleging insufficient recovery from class action settlement fund).

Moreover, a party seeking to transfer an action from one United States District Court to another must do so via motion in the court where the action pends. See 28 U.S.C. § 1404(a); White v. ABCO Eng'g Corp., 199 F.3d 140, 143-44 (3d Cir. 1999). Thus, a proposed transferee court - in this case, the Middle District of North Carolina - has no subject-matter jurisdiction to consider a transfer from another venue.

Furthermore, the United States District Court for the Southern District of Ohio does not appear to have any involvement in the approval or administration of the Cobell Settlement. Although GCG - the private company chosen to administer the Settlement - maintains an office within the Southern District of Ohio, see Indian Trust Settlement, www.indiantrust.com (last visited Nov. 15, 2013), the United States District Court for the District of Columbia approved the Settlement and retained jurisdiction over its administration, see Cobell v. Salazar, No. 1:96CV01285(TFH), 2011 WL 10676927, at *7 (D.D.C. July 27, 2011) (unpublished) ("This Court shall retain jurisdiction for the purpose of accomplishing

the terms of the Settlement Agreement and its administration, and resolving any disputes in connection therewith."), aff'd, 679 F.3d 909 (D.C. Cir. 2012), cert. denied, Craven v. Cobell, 133 S.Ct. 543 (2012).

In approving the Settlement, that court outlined the procedure for "[a]ll individuals who believe they are entitled to participate in the [S]ettlement as a member of the Trust Administration Class." Id. at *5.[3]  Such procedure provides for an initial determination and two levels of appeals, all handled by the Claims Administrator. Id. at *5-6.  Plaintiff's Complaint indicates that she timely submitted her eligibility documents to the Claims Administrator, which "requested further *proof* of eligibility from Plaintiff." (See Docket Entry 2 at 5.)  Apparently, rather than provide such additional proof or pursue an appeal of the eligibility decision through the Claims Administrator (see id. at 1-6) - assuming the Claims Administrator reached a final decision with respect to her claim - Plaintiff has filed the instant lawsuit.

---

[3] Plaintiff's Complaint does not specify to which of the two Cobell Settlement classes she alleges membership. (See Docket Entry 2 at 1-6.)  Presumably, Plaintiff asserts membership in the Trust Administration Class (certified pursuant to Fed. R. Civ. P. 23(b)(3), with the right to opt out), because the Historical Accounting Class (certified pursuant to Fed. R. Civ. P. 23(b)(1)(A) and (b)(2), with no right to opt out) did not require class members to affirmatively file a claim.  See Cobell, 679 F.3d at 914 (distinguishing two settlement classes); Cobell, 2011 WL 10676927, at *3-6 (describing procedures for each settlement class).

-7-

A similar attempt by a plaintiff to recover in district court for a claim already encompassed by the Cobell settlement failed. See Villegas v. United States, __ F. Supp. 2d __, __, No. CV120001-EFS, 2013 WL 3990809, at *7 (E.D. Wash. Aug. 4, 2013) (unpublished) ("Plaintiff is precluded from pursuing this claim due to his membership in the *Cobell* settlement class."). That court found that the plaintiff, seeking recovery through his own action independent of the Cobell case, "had ample opportunity to oppose the *Cobell* court's conclusion by appealing the decision to the D.C. Circuit, but [the plaintiff] chose not to pursue such appeal." Id. at *11. In the instant case, the Complaint does not appear to challenge the substance of the Cobell Settlement or to deny that its terms bind Plaintiff – that is, the Complaint does not indicate that Plaintiff opted out or wishes to do so. (See Docket Entry 2 at 1-6.) Rather, the Complaint seeks independent review of the procedure by which the Claims Administrator responded to her claim. (See id. at 5-6.)

By design, class actions seek to avoid such collateral review of either the substance of a final judgment, including a settlement, or its implementation. See generally Juris v. Inamed Corp., 685 F. 3d 1294, 1312-14 (11th Cir. 2012) (discussing limits on collateral attacks to class action judgments). Generally, claim preclusion or a release within the settlement agreement itself (or both) will bar collateral review of a class action settlement. See

-8-

Matsuhita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373-80 (1996). As a result, federal courts have restricted collateral review of class action settlements to due process concerns related to adequacy of representation, notice, or the inability to opt out. See Juris, 685 F.3d at 1313. In the instant case, Plaintiff's Complaint, even construed liberally, does not assert any defects concerning the adequacy of representation, notice, or her ability to opt out. (See Docket Entry 2 at 1-6.) Thus, the face of the Complaint indicates that both claim preclusion and the Settlement Agreement itself would bar Plaintiff's efforts to challenge the Claims Administrator's determination of eligibility. In sum, Plaintiff's Complaint should be dismissed.

## CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                             **United States Magistrate Judge**

November 21, 2013